BARNES, Respondent, v. CLARK, Appellant.

(169 N. W. 527)

(File No. 4407.   Opinion filed Nov. 29, 1918).

(1).   **Partnership—Accounting Parner's Non-paid Contribution to Partnership—Agreement, Whether a Pre-partnership Agreement—Evidence, Effect.**

In a suit by a partner against a copartner for an accounting, involving an unpaid item of $4000 which plaintiff claimed from

defendant as an unpaid contribution to a partnership agreement
under which each partner was to contribute $5000 in the pur-
chase of a territorial right of sale of a patented article, **held,**
that defendant's contention that the vendor of the patent credit-
ed him with $4000 for commissions he (defendant) would
thereafter earn in assisting said purchaser in selling territorial
rights in other states, was unsupported by the evidence; that
the undisputed evidence was that said money was to have been
paid in full, as had been done by plaintiff partner; defendant
having never advised plaintiff of said credit; that defendant's
contention that the purchase of the territorial rights was not a
partnership transaction, and that it was immaterial to plaintiff
in what manner defendant paid for his half interest, is unten-
able; that trial court properly gave credence to plaintiff's testi-
mony that the said purchase took place before and as a part
of a partnership agreement.

**(2). Appeals—Error—Costs—Damages for Delay—Statute.**

Evidence on appeal, involving defendant's—appellant's dis-
credited testimony, **held,** such as to require Supreme Court, as
a matter of justice between parties, to impose damages for
delay, authorized by Code Civ. Proc., Sec. 411, Subd. 5.

Appeal from Circuit Court, Minnehaha County. Hon. Joseph
W. Jones, Judge.

Action by F. W. Barnes, against E. D. Clark, for a partner-
ship accounting. From a judgment for plaintiff, and from an or-
der denying a new trial, defendant appeals. Affirmed.

*Boyce, Warren & Fairbank,* for Appellant.

*Christopherson & Melquist,* for Respondent.

(1) To point one of the opinion, Respondent cited:

Davenport v. Buchanan, 6 S. D. 376; Bank v. Taylor, 5 S. D.
99, 58, N. W. 297; Ehrmann v. Stitzel, 121 Ky. 751, 123 A. S. R.,
page 231; Sec. 1732, Civ. Code.

WHITING, P. J.    Action for a partnership accounting.
Plaintiff seeks to hold defendant for one-half of an item of $4,000
which plaintiff claims to be due the partnership from defendant.
Trial to the court. Findings of fact, conclusions of law, and
judgment in favor of the plaintiff, it being found and adjudged
that the defendant should pay into court for the benefit of the
plaintiff $2,000, together with interest. Defendant appealed from
the judgment and from an order denying a new trial.

A statement of some of the undisputed facts is necessary for
a clear understanding of defendant's position. On November 13,

1909, these parties purchased a territorial right for the sale of a certain patented article. The agreed price for this right was $10,000 of which each party was to pay $5,000. Each party gave his check to the vendor for $5,000. The plaintiff's check was paid in regular course of collection through bank drawn on. The defendant's check did not go through regular course of collection, but instead thereof defendant paid the payee thereof $1,000 in cash, and, according to defendant's testimony, the payee credited the other $4,000 for commissions that defendant would thereafter earn in assisting the payee in selling territorial rights in the states of Minnesota and North Dakota. Defendant testified that the agreement by which he was credited with such commission was entered into but a few minutes after the purchase by plaintiff and himself of their territorial right; that he had no previous understanding under which he was to pay such check otherwise than in cash; and that there was no partnership agreement entered into until November 17, 1909. Defendant admits that he never advised plaintiff of this credit of $4,000 which he had received from the payee of his check. Defendant contends that the purchase of the territorial right was not a partnership transaction; that in the making of such purchase he owed no duty or obligation to the plaintiff; and that it was absolutely immaterial to the plaintiff—in fact none of plaintiff's business—in what manner he paid for his one-half interest in such territorial right. In other words, defendant contends that, prior to any partnership agreement or understanding, each party had purchased a half interest in this territorial right; and that the partnership agreement was not that each should put $5,000 in the business, but that each should put into the business his one-half interest in this territorial right.

[1] If we were to consider defendant's testimony alone, we would be satisfied therefrom that, from the time these parties first contemplated the purchase of the territorial right, they understood that such purchase, if it were made, would be for the purpose of, and as a part of, a partnership enterprise. Defendant's story was not only so unreasonable as to be beyond credence, but he was thoroughly impeached as to important matters relating thereto—in fact, under the record, it is clear that he received this credit of $4,000 for nothing. One can hardly escape the conviction that

the credit for $4,000, if it was a commission at all, was for his services in consummating the sale to himself and plaintiff. But, even though defendant told the absolute truth, and he fully expected to pay the full $5,000 in cash up to the time this commission proposition was made to him, yet every principle of honesty and fair dealing demanded of him that he advise plaintiff of the true facts before entering into the partnership contract. It is not strange that the trial court believed plaintiff, who testified positively to the effect that the purchase of this territorial right took place after and as a part of a partnership agreement. Defendant does not contend but that if the partnership was entered into at or prior to this purchase, the judgment of the trial court was correct.

[2] We are also of the view that the facts of this case are such as to require this court as a matter of justice between these parties to impose damages for delay which subdivision 5, § 411, 6 C. P., authorizes this court in its discretion to impose. It is therefore the judgment of this court that the judgment and the order denying a new trial be affirmed, and that respondent recover of appellant in this court the sum of $320 for and as damages for delay arising from this appeal as well as recover costs upon appeal.